<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASDAL HOLDINGS, LLC, et al., | : | **Civil Action No. 22-04158-KSH-AME** |
| Plaintiffs, | : | |
| v. | : | **OPINION and ORDER** |
| IDEASOIL, LLC, et al., | : | |
| Defendants. | : | |

**<u>ESPINOSA, U.S.M.J.</u>**

This matter comes before the Court on the motion by Defendant Ideasoil, LLC ("Ideasoil") seeking monetary sanctions against Plaintiffs Asdal Holdings, LLC ("Asdal"), Restless Creation, LLC, William Asdal, and Annie Asdal (collectively, "Plaintiffs") and their attorney of record, Thomas Michael Lenney, Esq. ("Mr. Lenney"), pursuant to Federal Rules of Civil Procedure 16(f) and 37(b).[1] [D.E. 34]. The Court has considered the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, and for good cause shown, Ideasoil's motion is granted and, pursuant to Rule 37(b), Asdal and Mr. Lenney shall pay Ideasoil's attorneys' fees and costs associated with compelling discovery and pursuing this motion, as set forth below in more detail.

---

[1] Unless otherwise noted, this Opinion and Order shall refer to the Federal Rules of Civil Procedure as the "Rules," also abbreviated throughout as "Fed. R. Civ. P."

I.       RELEVANT BACKGROUND

Plaintiffs commenced this action on or about May 17, 2022, in the Superior Court of New Jersey, County of Morris, against Defendants Ideasoil, Dean Horowitz, and Alexandra Horowitz (collectively, "Defendants"). In the Complaint, Plaintiffs alleged that Defendants materially breached their contractual obligations under an agreement for a joint credit line loan for the sum of $400,000, by failing to make required payments to Plaintiffs.[2] [D.E. 1-1, Compl. ¶¶ 9-10, 13]. In addition to a breach of contract claim (Count I), Plaintiffs asserted claims for breach of implied duty of good faith and fair dealing, promissory estoppel, unjust enrichment, fraud in the inducement, and piercing the corporate veil. [*Id.* ¶¶ 15-36 (Counts II through VI)].

After removing the action to federal court [*see* D.E. 1],[3] IdeaSoil moved to dismiss Counts II through VI of the Complaint. [D.E. 6]. On January 31, 2023, the Court convened an initial conference, during which Mr. Lenney confirmed that Plaintiffs did not oppose the pending motion to dismiss. [*See* D.E. 9]. Subsequently, the parties filed a stipulation and proposed order, which the Court later entered, providing for Plaintiffs' voluntarily dismissal of Counts II through VI of the Complaint with prejudice. [D.E. 10, 11].

On February 23, 2023, the Court issued a Pretrial Scheduling Order. [D.E. 13]. Consistent with the parties' proposed schedule [D.E. 12], the Court set a July 3, 2023 fact discovery deadline and ordered the parties to: (i) exchange Rule 26 initial disclosures by March 3, 2023, and (ii) serve initial discovery demands by April 3, 2023. [D.E. 13 at 2]. The Court also scheduled a status conference for May 26, 2023, and directed the parties to file a joint status letter three business days in advance of that conference, *i.e.*, May 23, 2024. [*Id.* at 1].

---

[2] Curiously, Plaintiffs sued Dean Horowitz despite alleging that he was deceased.

[3] In its notice of removal, Ideasoil asserted, upon information and belief, that Defendants Dean Horowitz and Alexandra Horowitz had not been properly joined and served as of the date of removal. [D.E. 1 at 2].

On May 23, 2023, Ideasoil filed the required status letter, which Plaintiffs did not join because Mr. Lenney "failed to respond to [Ideasoil's] request for his input." [D.E. 15]. In that letter, Ideasoil proceeded to outline "Plaintiffs' approach to this Action from the outset, and their apparent lack of interest in pursuing the single remaining claim." [*Id.* at 1]. Specifically, Ideasoil stated that Plaintiffs had failed to serve their Rule 26 disclosures and interrogatories by the Court-ordered deadlines. [*Id.* at 1-2]. The Court excused those failures after the May 26, 2023 status conference. [*See* D.E. 16 (May 31, 2023 Order extending the fact discovery deadline to September 5, 2023, but nonetheless "remind[ing] [Plaintiffs] of their obligation to comply with the Court's Orders …."]].

Despite the Court having afforded Plaintiffs an opportunity to correct their prior discovery failures, Mr. Lenney failed to appear for the next status conference in this matter, which was scheduled for September 5, 2023, and thus had to be rescheduled to September 15, 2023. [*See* D.E. 17]. To make matters worse, Plaintiffs failed to comply with various discovery obligations between the May 26, 2023 and September 15, 2023 conferences, as recounted in defense counsel's April 15, 2024 certification filed in support of Ideasoil's motion for sanctions. [*See generally* D.E. 34-2, Carroll Cert.]. Specifically, defense counsel certified that:

- Mr. Lenney failed to respond to a deficiency letter served on Plaintiffs on June 1, 2023, "indicating that IdeaSoil had still not received initial disclosures from Plaintiffs Restless Creation, LLC, William Asdal and Annie Asdal"; and

- In response to a subsequent deficiency letter served on August 14, 2023, which reiterated the previously identified deficiencies and noted that Plaintiffs' responses to Ideasoil's June 1, 2023 discovery demands "were six (6) weeks overdue," Mr. Lenney served "a document production consisting of less than 100 pages with '[f]ormal responses to follow.'"

[*Id.* ¶¶ 3-6 (citations omitted)].

3

At the rescheduled conference held on September 15, 2023, the Court afforded the parties another opportunity to complete fact discovery by extending that deadline to December 14, 2023. [*See* D.E. 18 (setting the next conference for December 14, 2023)]. On December 11, 2023, Ideasoil filed a status letter in advance of the December 14 conference, which Plaintiffs again failed to join based on the following response from Mr. Lenney: "'[T]he other entities and individuals have agreed not to pursue claims .. only Mr Asdal will pursue … his discovery will be forthcoming ..the only discovery I requere [sic] is the dep of your client.'" [D.E. 19 (purportedly quoting Mr. Lenney's correspondence addressed to defense counsel)]. That letter reiterated Plaintiffs' failure to comply with the Court's Orders and emphasized the fact that Plaintiffs had not affirmatively prosecuted their claims for over eighteen months. [*See id.* (noting that, for the first time, Mr. Lenney "express[ed] a desire to conduct a deposition")]. Accordingly, Ideasoil requested an order striking the Complaint and dismissing the matter [*id.* at 2], which the Court construed as an application for leave to move for sanctions. [*See* D.E. 20].

Mr. Lenney failed to appear at the December 14, 2023 conference—his second non-appearance since the initiation of this action. [*See id.*]. The Court nonetheless proceeded with the conference and placed Mr. Lenney's non-appearance on the record. [*See id.*]. Following the conference, the Court issued an Order directing Plaintiffs to respond to Ideasoil's application by December 22, 2023. [*Id.*]. Instead of doing so or explaining his failure to appear for the December 14 conference, Mr. Lenney filed a confounding letter stating that no further discovery is necessary and that the Court should enter a consent judgment in favor of his clients. [D.E. 21].[4] In its response letter of December 26, 2023, Ideasoil noted that Plaintiffs had yet to

---

[4] During a status conference held on March 27, 2024, to address Plaintiffs' history of dilatoriness, the Court described the letter as "a curious and strange response" and noted a "disconnect" between Ideasoil's request for leave to move for sanctions and Mr. Lenney's written response. [*See* D.E. 31].

meaningfully respond to Ideasoil's discovery requests and that Plaintiffs Restless Creation, LLC, William Asdal and Annie Asdal had yet to serve their Rule 26 initial disclosures. [D.E. 22]. To that end, Ideasoil asked the Court to grant its request for leave to move for sanctions as unopposed and based on Mr. Lenney's pattern of non-compliance and "inexcusable lack of respect for the time and resources expended" by IdeaSoil and the Court. [*Id.*].

Despite Plaintiffs' continued failure to follow the Court's orders, by Order of January 10, 2024, the Court denied Defendants' request for leave to move for sanctions without prejudice and gave Plaintiffs yet another opportunity to comply with their discovery obligations and, if necessary, to engage in affirmative discovery. [D.E. 26 (ordering Plaintiffs to serve outstanding discovery responses by January 19, 2024, and extending the fact discovery deadline to, and setting a status conference for, March 27, 2024)]. In that Order, however, the Court warned Mr. Lenney that Ideasoil would be permitted to renew its application for leave to seek sanctions upon a demonstration that Plaintiffs had again failed to comply with the Court's Orders. [*Id.* at 1].[5]

On January 19, 2024, Mr. Lenney served an additional production of documents. [*See* D.E. 34-2, Carroll Cert. ¶ 7]. According to counsel for Ideasoil, that production "remain[ed] insufficient" because Asdal failed to confirm that the production was complete and, further, the responses pertaining to that document production: (i) were "unintelligible inasmuch as they fail[ed] to reference responsive documents by Bates-number … and instead rel[ied] upon some indecipherable numbering scheme (e.g. I #2-1)"; and (ii) failed to identify whether Asdal was

---

[5] Pursuant to a stipulation, on January 11, 2024, the District Court dismissed the claims of Plaintiffs Restless Creation, LLC, William Asdal and Annie Asdal against Ideasoil with prejudice. [D.E. 27]. Plaintiffs' claims against Defendants Dean Horowitz and Alexandra Horowitz were subsequently dismissed pursuant to Rule 4(m), after Plaintiffs, in response to this Court's April 11, 2024 Order to Show Cause [D.E. 33], were unable to show good cause for having failed to effectuate service on those Defendants or for an extension of the service deadline prescribed by Rule 4(m). [D.E. 43]. Accordingly, as of May 15, 2024, Asdal has been the sole plaintiff in this action.

"objecting to the production of any documents in this matter" and "withholding any documents on privilege grounds." [*Id.* ¶ 8; D.E. 28]. In response, Ideasoil served a deficiency letter on January 25, 2024, warning Mr. Lenney that Ideasoil would again seek judicial intervention to compel Asdal to comply with its discovery obligations and to obtain appropriate sanctions if by February 2, 2024:

> [Asdal] failed to (i) revise its written document responses to identify the responsive documents by Bates-number; (ii) advise whether [Asdal] is objecting to the production of any documents and/or withholding any documents on grounds of the attorney-client privilege and/or the work product doctrine, and if so, provide a privilege log reflecting the documents being withheld; and (iii) confirm that [Asdal's] January 19, 2024 document production constitutes Plaintiff's full and complete document production in this matter and that it has no other responsive documents in its possession.

[D.E. 34-2, Carroll Cert. ¶ 9]. According to Ideasoil, Mr. Lenney "failed to acknowledge" its January 25 deficiency letter. [*Id.* ¶ 10]. Nonetheless, on February 21, 2024, counsel for the respective parties participated in a meet-and-confer to discuss those alleged deficiencies. [*Id.* ¶ 12]. According to Ideasoil, Mr. Lenney orally represented that Asdal's production was complete, no documents were being withheld, and Asdal would revise its responses as requested. [*Id.*]. Although Mr. Lenney agreed to provide written confirmation of the foregoing, he did not do so, nor did he provide Ideasoil with amended responses. [*Id.* ¶ 13].

Accordingly, on February 23, 2024, counsel for Ideasoil filed a letter memorializing those discussions and requesting that the Court issue an order compelling Asdal to provide the agreed-upon discovery and awarding Ideasoil attorneys' fees and costs pursuant to Rule 37. [*See* D.E. 28]. Having received no response from Mr. Lenney, on March 1, 2024, the Court granted the requested relief, except for Ideasoil's application for fees and costs, which was denied without prejudice to Ideasoil filing a letter setting forth the basis for the relief, in more detail, by March 11, 2024. [D.E. 29 (ordering Asdal to serve the outstanding discovery by March 8,

2024)]. No such letter was filed by the March 11 deadline. However, in advance of the status

conference set for March 27, 2024, Ideasoil filed the required status letter, which—for the third

time—Asdal failed to join, reflecting, in the view of Ideasoil, Mr. Lenney's "continued failure to

cooperate on issues of discovery." [D.E. 30]. In that letter, Ideasoil noted that Asdal had failed to

comply with the Court's March 1 Order. [*Id.* (stating that while defense counsel demanded

compliance with the Order by March 11, 2024, Mr. Lenney had failed to acknowledge the

demand or provide the outstanding discovery)].

Mr. Lenney again failed to appear at the March 27, 2024 conference—his third non-

appearance. [*See* D.E. 31-32]. During that conference, defense counsel recited the relevant

procedural history concerning Asdal's and Mr. Lenney's continued discovery and other failures

and renewed Ideasoil's request for leave to file a motion for sanctions. [*See* D.E. 31, Tr. at 3:19 –

5:25]. Noting Plaintiffs' pattern of non-compliance in this matter, the Court granted Ideasoil

leave to file a motion for sanctions and other relief by April 15, 2024. [*See id.* at 6:14 – 7:10].[6] In

its memorializing Order, the Court also deemed fact discovery closed considering: (i) defense

counsel's statement during the conference that IdeaSoil would not seek an extension of the

March 27, 2024 fact discovery deadline; and (ii) Mr. Lenney's December 22, 2023 statement that

he "do[es] not believe further discovery is required." [D.E. 32 (citing D.E. 21)].

On April 15, 2024, Ideasoil filed their motion for sanctions [D.E. 34], which sought

dismissal of Asdal's action and monetary sanctions pursuant to Rule 37, based on "Plaintiffs'

persistent and egregious failure to comply with their discovery obligations and the Orders of this

Court throughout this litigation." [D.E. 34-1 at 5]. In relevant part, Ideasoil argues that Rule

---

[6] In granting leave, the Court noted that despite having hoped for Asdal to "cure earlier deficiencies" and "exercise the kind of diligence that would show a commitment to making up for shortcomings in prior practice, prior discovery efforts, prior failures to appear for proceedings in this case," it had no "choice but to grant [Ideasoil's] request to pursue this relief." [D.E. 31, Tr. at 6:14 – 7:10].

37(b)(2)(C) mandates the imposition of monetary sanctions for the fees and costs it incurred "in attempting to compel Plaintiffs' compliance with their discovery obligations" and bringing this motion, particularly where "Plaintiffs and their counsel have also caused IdeaSoil to spend needless time and effort pursuing Plaintiffs' overdue and/or incomplete discovery." [*Id.* at 23].

On April 19, 2024, Mr. Lenney—who "was surprised to receive the motion"—filed a two-page letter response "in lieu of more formal opposition," [D.E. 35], in which he claimed that the discovery delays were "due to the fact that multiple plaintiffs were not responsive to [him]." [*Id.* at 1 (puzzlingly claiming that the situation was "remedied and rectified" by the voluntary dismissal filed by Plaintiffs Restless Creation, LLC, William Asdal and Annie Asdal)]. Mr. Lenney further asserted that the discovery deficiencies had been remedied and, therefore, Ideasoil's application was "inappropriate" and "unnecessary motion practice." [*Id.*].[7]

On July 10, 2024, defense counsel filed a letter withdrawing the part of the motion for dismissal of the action as sanction for Plaintiffs' discovery violations. [D.E. 50].

## II.    DISCUSSION

Rules 16 and 37 each authorize the Court to impose sanctions for litigation misconduct. *See Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010). Although the Court has "broad discretion" in determining the "type and degree of sanctions it can impose," the sanctions "must be just and related to the claims at issue." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006). These sanctions are available "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* (citation and quotation marks omitted).

---

[7] In his letter, Mr. Lenney asserts he "asked for financials … on numerous occasions but have failed to receive same to date." [D.E. 35]. In reply, defense counsel affirms that Mr. Lenney never served a request for production of these financial records or any request for documents in this action. [D.E. 37].

A court in this District has summarized this disciplinary scheme as follows: "Rule 16(f) allows for court-ordered sanctions if a party fails to follow pretrial orders whereas Rule 37(b)(2) allows the Court to issue sanctions where a party fails to provide discovery and follow judicial orders requiring the same." *IMFK Realty II, LLC v. Atl. Prop. Dev. LLC*, No. 20-6989, 2022 WL 4132449, at *1 (D.N.J. Sep. 12, 2022) (citing Fed. R. Civ. P. 16(f), 37(b)(2)). In relevant part, under Rule 16, the Court may issue "any just orders … if a party or its attorney ... fails to appear at a scheduling or other pretrial conference ... or ... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Relatedly, Rule 37 authorizes the Court to impose sanctions when a party "fails to obey an order to provide or permit discovery." *Id.* at 37(b)(2)(A).

Under both Rules, sanctions at the Court's disposal include "prohibiting the disobedient party from supporting or opposing designated claims or defenses," "striking pleadings," "dismissing the action," treating the failure to comply "as contempt of court," and "rendering a default judgment against the disobedient party." *Id.* (enumerating examples of available sanctions and stating that the Court "may issue further just orders"); *Id.* at 16(f) (incorporating by reference the list set forth in Rule 37(b)). Moreover, "[i]nstead of or in addition to the [foregoing], the [C]ourt *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 37(b)(2)(C) (emphasis added). Similarly, if a party's failure to provide discovery has necessitated a motion to compel and either the motion is granted or the discovery at issue is provided after the motion is filed, the Court "must, after giving an opportunity to be heard," order the non-compliant party and/or its attorney to pay the fees and expenses incurred by the movant in making the motion, with the following exceptions: "(i) the movant filed the motion before

attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A).

The history of this litigation shows that Plaintiffs and Mr. Lenney have been grossly negligent with respect to their discovery obligations.[8] The record also reflects their persistent disregard for the Court's Orders, resulting in unjustifiable delay and prejudice to Ideasoil's ability to defend this action efficiently and in a cost-effective manner. While that misconduct may not warrant the severe penalty Ideasoil originally sought, the dilatory conduct by Plaintiffs and their counsel cannot escape sanctions altogether. Indeed, their misconduct warrants monetary sanctions consisting of fees and costs incurred by Ideasoil in connection with pursuing the overdue discovery and bringing this motion. *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C).

Plaintiffs and Mr. Lenney have substantially delayed the progress of this litigation by providing discovery responses belatedly, delaying any response to Ideasoil's deficiency letters or simply ignoring them, flouting multiple Orders granting extensions and opportunities to comply with their discovery obligations, and failing to appear for three conferences. Consequently, Ideasoil and its counsel were forced to expend needless time, effort, and resources pursuing overdue or incomplete discovery responses—a topic that repeatedly arose in correspondence to the Court and in status conferences. Despite the multiple chances the Court afforded Plaintiffs and Mr. Lenney to comply with their obligations and avoid sanctions, their failures persisted without due regard to the limited judicial resources available for consideration of non-substantive discovery disputes. Based on the foregoing, the Court finds that Asdal has failed to show that

---

[8] While Asdal is the remaining plaintiff in this action, Restless Creation, LLC, William Asdal, and Annie Asdal were equally at fault at least until their claims were dismissed on May 15, 2024.

their discovery failures were "substantially justified" or that "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C); *see also Trowery v. O'Shea*, No. 12-6473, 2015 WL 9587608, at \*5 (D.N.J. Dec. 30, 2015) ("Substantial justification has been defined as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." (citation and quotation marks omitted)).

Accordingly, the Court concludes that an appropriate sanction against Asdal and its counsel, pursuant to Rules 37(a)(5)(A) and 37(b)(2)(C), consists of an award of reasonable attorneys' fees and costs incurred by Ideasoil and its counsel in their efforts to compel Plaintiffs' compliance with the discovery Rules and the Court's Orders. *See Hioutakos v. SimplexGrinnell LP,* No. 10-4505, 2014 WL 1255197, at \*2 (D.N.J. Mar. 26, 2014) ("Where one party has violated a court order and delayed proceedings, awarding the excess costs caused by that conduct to the innocent party may restore the balance of equity between the parties."). Those sanctions will include the attorneys' time and expenses associated with preparing and filing this motion and any other efforts made to obtain overdue discovery responses from Plaintiffs following the Court's May 31, 2023 Order.

## III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Ideasoil's motion for monetary sanctions for discovery-related misconduct is warranted under Rule 37. Accordingly,

**IT IS** on this 6th day of September, 2024,

**ORDERED** that Ideasoil's motion for monetary sanctions [D.E. 34] is **GRANTED** pursuant to Rule 37; and it is further

**ORDERED** that, on or before **September 27, 2024**, Ideasoil shall file an application and proposed order for the award of reasonable fees and costs consisting of the amounts identified in the foregoing Opinion. The application shall include an attorney declaration setting forth the fees and costs to which Ideasoil is entitled, calculating the total award, and attaching supporting documentation, including appropriately redacted time sheets; and it is further

**ORDERED** that, on or before **October 11, 2024**, Asdal and/or Mr. Lenney may submit a response concerning the reasonableness of the amount sought, without rearguing any of the matters presented to the Court on this motion; and it is further

**ORDERED** that Mr. Lenney shall provide a copy of this Opinion and Order to Asdal and Restless Creation, LLC, William Asdal, and Annie Asdal, by email and regular mail, within five days of the date of this Order; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motion at D.E. 34.


                 /s/ *André M. Espinosa*
                ANDRÉ M. ESPINOSA
                United States Magistrate Judge