<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ASDAL HOLDINGS, LLC, et al., | Civil No.: 22-cv-4158 (KSH) (AME) |
| *Plaintiffs,* | |
| v. | |
| IDEASOIL, LLC, et al., | **OPINION** |
| *Defendants.* | |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

**I.     Introduction**

Plaintiff Asdal Holdings, LLC has moved to vacate Magistrate Judge André Espinosa's August 8, 2025 Order denying leave to amend the complaint.  There, Judge Espinosa found that Asdal Holdings' request to reinstate its complaint against previously dismissed defendants and to amend its pleading to substitute the estate of one of those defendants fell "far short of satisfying the Rule 16 good cause standard as well as the Rule 15 standard to amend the complaint, requiring denial."  (D.E. 85, 8/8/25 Order, at 5.)  Asdal Holdings now argues that its "excusable neglect" permits this Court to vacate the order under Rule 60(b)(1).  For the reasons set forth below, Asdal Holdings' motion is denied.

**II.     Background**

In May 2022, Asdal Holdings sued defendant IdeaSoil, LLC and its alleged members—Dean Horowitz, listed in the complaint as deceased, and Alexandra Horowitz (the "Horowitz defendants")—in state court.  (*See* D.E. 1-1, Compl.)  The complaint alleged that on July 23, 2019, Asdal Holdings entered into a joint credit line loan with IdeaSoil for $400,000 that IdeaSoil failed to pay back.  (*Id.* ¶¶ 9-10.)  It asserted claims for breach of contract (Count One),

1

breach of the implied duty of good faith and fair dealing (Count Two), promissory estoppel (Count Three), unjust enrichment (Count Four), fraud in the inducement (Count Five), and piercing the corporate veil (Count Six).  (*Id.* ¶¶ 11-36.)

In June 2022, IdeaSoil filed a notice of removal and a month later filed a motion to dismiss Counts Two through Six.  (D.E. 1, 6.)  In that motion, IdeaSoil also asserted that "[u]pon information and belief, Defendants Dean Horowitz (deceased) and Alexandra Horowitz have not been properly joined and served as of the date of this Motion."  (D.E. 6-1, Mtn. to Dismiss, at 3 n.1.)  Plaintiffs—Asdal Holdings, Restless Creation LLC, William Asdal, and Annie Asdal—and IdeaSoil stipulated to the dismissal of Counts Two through Six; these counts were dismissed with prejudice.  (D.E. 10, 11.)

The deadline to amend the complaint or to add new parties was set at May 3, 2023.  (D.E. 13, Pretrial Scheduling Order ¶¶ 2-3.)  On January 11, 2024, Restless Creation LLC, William Asdal, and Annie Asdal stipulated to the dismissal of their claims with prejudice against IdeaSoil.  (D.E. 27.)  After several extensions, fact discovery closed on March 27, 2024 (D.E. 26).  (*See* D.E. 13, 16, 18; *see also* D.E. 31, 3/27/24 Status Conference Transcript, at 15:2-16:5 (discussing discovery deadline extensions).)

On April 11, 2024, Magistrate Judge Espinosa ordered all plaintiffs to show cause as to why their claims against the Horowitz defendants should not be dismissed for failure to effectuate service and/or for failure to prosecute.  (D.E. 33.)  In a letter to the Court, plaintiffs' attorney from the inception of this lawsuit, Thomas Lenney, responded that Asdal Holdings "has no objection to dismissing Dean Horowitz from the case" because he was deceased.  (D.E. 40, Lenney 5/7/24 Letter, at 1-2.)  Lenney also stated that despite being unserved, Alexandra

2

Horowitz should remain in the case because she possessed relevant information as the managing member of IdeaSoil.  (*Id.*)

Also in April 2024, IdeaSoil moved for sanctions based upon plaintiffs' "persistent and egregious failure to comply with their discovery obligations and the Orders of this Court throughout this litigation."  (D.E. 34-1, Mtn. for Sanctions, at 1.)  According to Lenney, "[a]ny and all delay in providing discovery responses was due to the fact that multiple plaintiffs were not responsive to counsel," but the "situation has been remedied" through those plaintiffs' voluntary dismissal.  (D.E. 35, Lenney 4/19/24 Letter, at 1.)

Judge Espinosa held a hearing on May 14, 2024 and found that Asdal Holdings failed to offer any reasonable justification as to why the Horowitz defendants had not been served (D.E. 42, Order, at 2) and dismissed them from the case without prejudice (D.E. 43).  As Restless Creation LLC, William Asdal, and Annie Asdal no longer had any claims against any defendant, they were terminated from the case, leaving only Asdal Holdings and IdeaSoil as parties.  (D.E. 43; *see* unnumbered docket entry at May 16, 2024.)

On September 6, 2024, Judge Espinosa granted IdeaSoil's motion for sanctions and ordered Asdal Holdings and Lenney to "pay Ideasoil's attorneys' fees and costs associated with compelling discovery and pursing this motion."  (D.E. 56, 9/6/24 Opinion & Order, at 1.)  He found sanctions were justified based on Lenney's failure to appear at several scheduled conferences and his and plaintiffs' failures to timely comply with their discovery obligations and abide by Court-ordered deadlines.  (*Id.* at 2-7.)  Judge Espinosa directed IdeaSoil to file an application for attorneys' fees and costs.  (*Id.* at 12.)

A week and a half later, Brian Graffeo filed a notice of appearance on behalf of "all plaintiffs."[1] (D.E. 59.) In a subsequent letter, he informed the Court that Lenney disassociated from their firm, Kaplan Williams & Graffeo, LLC ("WGS"), as of September 3, 2024. (D.E. 62, Graffeo 10/3/24 Letter, at 1.) Graffeo requested a conference "to address our firm's need to file a motion to withdraw as counsel for Plaintiffs" since neither Lenney nor plaintiffs were returning WGS's calls or requests for information. (*Id.*; *see also* D.E. 64, Graffeo 10/11/24 Letter, at 1-2 (requesting the same).)

On November 22, Graffeo advised that he would be continuing as counsel for Asdal Holdings. (D.E. 70, Graffeo 11/22/24 Letter, at 1.) IdeaSoil filed its application for attorneys' fees. (D.E. 72.) Asdal Holdings opposed, arguing that IdeaSoil's recovery should be against Lenney alone since it was "without fault for either the delay in the discovery responses or Mr. Lenney's failure to meet pertinent deadlines and attend required conferences." (D.E. 76, Attorneys' Fees Opp., at 9-10.)

Judge Espinosa disagreed and ultimately attributed 70% of the awarded sanctions to plaintiffs and 30% to Lenney. (D.E. 78, 5/21/25 Opinion & Order Granting Sanctions, at 17-18.) He determined that Asdal Holdings was seeking untimely reconsideration of the September 6 Order, and, in any event, found that

> Plaintiffs' position that they are "without fault for either the delay in the discovery response or Mr. Lenney's failure to meet pertinent deadlines" is contradicted by the record and undermined by submissions even after the September 6 Order and Mr. Lenney's apparent departure from WGS, which reflect that Plaintiffs were not responsive to WGS, and that WGS could not obtain direction and did not receive sufficient communication from Plaintiffs to timely file an opposition to Defendant's fee petition.

---

[1] By this point, Asdal Holdings was the only remaining plaintiff. However, because Judge Espinosa determined that plaintiffs Restless Creation LLC, William Asdal, and Annie Asdal were at fault for the discovery delays in this matter, it appears that Graffeo continued to represent their interests in opposition to IdeaSoil's application for attorneys' fees.

(*Id.* at 6-7.)

On May 30, 2025, Asdal Holdings filed a three-page letter that initiated the instant dispute. (D.E. 81, Graffeo 5/30/25 Letter.) In it, Asdal Holdings requested "the Court's permission to reinstate Plaintiff's Complaint" against the Horowitz defendants—who had been dismissed one year prior—and to "amend the pleading *nunc pro tunc* so that the Estate of Dean Horowitz . . . can be substituted in as the correct party in interest." (*Id.* at 1.) Asdal Holdings maintained that it only recently learned of Alexandra Horowitz's address—3 Linden Lane, Greensboro, North Carolina 27410—after an independent investigation. (*Id.* at 1-2.)

But IdeaSoil had provided Asdal Holdings that address for Alexandra Horowitz in its June 2023 interrogatories responses. (D.E. 82, Mintz 6/4/25 Letter, at 4-6.) And although Asdal Holdings excused its delay in bringing the Estate of Dean Horowitz because it learned of Dean Horowitz's passing "during the course of the litigation" (D.E. 81, Graffeo 5/30/25 Letter, at 1), in fact Dean Horowitz is listed as "deceased" in the complaint Asdal Holdings filed in state court on May 10, 2022. Before Judge Espinosa, the parties filed submissions arguing back and forth on the merits of adding the Estate, including Asdal Holdings' assertion that IdeaSoil may no longer be solvent, leaving it without a remedy should the Horowitz defendants not be reinstated. (D.E. 82, 83, 84.)

Judge Espinosa issued an eight-page order denying Asdal Holdings' requests ("the August 8 Order"). (D.E. 85, 8/8/25 Order.) He determined that Asdal Holdings was "seeking leave to amend the complaint to add parties pursuant to Federal Rule of Civil Procedure 15" and found "sufficient information in the parties' letters and in the record to decide questions without further briefing." (*Id.* at 3 n.2.) But because Asdal Holdings made these requests "over two years after the deadline for motions to amend," Judge Espinosa first analyzed "whether there is

5

good cause under Rule 16(b)(4) to consider this late request before proceeding to a Rule 15 analysis." (*Id.* at 3.)

Judge Espinosa found that Asdal Holdings' justifications for failing to serve Alexandra Horowitz or timely moving to add Dean Horowitz's Estate as the correct party in interest "strains credulity," as these justifications were flatly contradicted by the record. (*Id.* at 5-6.) He determined that Asdal Holdings did not offer any other justifications for its dilatory conduct and undue delay, and that addition of these previously-dismissed parties "will prejudice IdeaSoil by expanding this action over one year after the conclusion of fact discovery and by injecting further undue delay into its resolution." (*Id.* at 6-8 & n.5.) As a result, there was no good cause to consider Asdal Holdings' late request under Rule 16(b)(4), and Asdal Holdings' "unjustifiable and undue delay in raising these requests merits denial under Rule 15." (*Id.* at 5-7 & n.3.)

Before this Court, Asdal Holdings has moved to vacate the August 8 Order under the "excusable neglect" ground of Rule 60(b)(1). (D.E. 86.) Its motion in essence casts all blame on Lenney. (*See* 86-14, Mov. Br., at 7 (Lenney failed "to adequately update Plaintiff as to the status of the litigation" and Asdal Holdings "was not aware of any issues concerning service of the Complaint"); *id.* at 9 (Asdal Holdings' "delay in requesting reinstatement of the Complaint against Mr. Horowitz was outside of [its] control"); *id.* at 10 (Asdal Holdings "relied on Mr. Lenney to provide accurate updates on the status of the litigation"); *id.* at 11 ("Failing to properly serve Mrs. Horowitz was outside of the Plaintiff's control."); *see also* D.E. 86-10, Certification of William Asdal ¶¶ 5-9 (President of Asdal Holdings certifying to the same).)

IdeaSoil's opposition argues that "an attorney's negligence is not a basis for finding excusable neglect under Rule 60(b)." (D.E. 87, Opp., at 6-8.) In its reply, Asdal Holdings raised a new issue: that "Mr. Lenney's misconduct also permits Plaintiff to obtain relief under Fed. R.

6

Civ. P. 60(b)(6)." (D.E. 90, Reply, at 8-9.) The Court grants IdeaSoil's motion (D.E. 91) for leave to file a sur-reply and further agrees with the authority that IdeaSoil presents: "[a] party may not raise new arguments in their reply brief." *Bernstein v. City of Atl. City*, 2011 WL 2559369, at *3 (D.N.J. June 27, 2011) (Hillman, J.); *see also In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003) (declining to consider a claim that was omitted from appellant's initial brief and raised for first time in a reply brief). As a result, the Court will not address Asdal Holdings' Rule 60(b)(6) argument.

### III.     Legal Standard

Under Rule 60(b)(1), a court "may relieve a party or its legal representative from a *final* judgment, order, or proceeding" by reason of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1) (emphasis added). A motion under Rule 60(b)(1) must be brought within a "reasonable time," and no later than one year of the entry of the order. *See* Fed. R. Civ. P. 60(c)(1).

"The test for 'excusable neglect' is equitable, and requires [courts] to weigh the 'totality of the circumstances.'" *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019) (quoting *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007)). Four non-exhaustive factors, identified by the Supreme Court in *Pioneer Investment Services v. Brunswick Associates*, must be considered: "(1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith." *Liguori v. Allstate Ins. Co.*, 2015 WL 71384, at *1 (D.N.J. Jan. 6, 2015) (Thompson, J.) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

However, "[a]n attorney's negligence is generally not excusable." *Andreotta v. Renegade RV*, 2021 WL 838336, at *2 (D.N.J. Mar. 4, 2021) (McNulty, J.) (citing *Orie*, 946 F.3d at 192); *see Sokol v. Wells Fargo Bank, N.A.*, 2023 WL 7002563, at *6 (D.N.J. Oct. 24, 2023) (Shipp, J.) ("[A]n attorney's failure to respond or manage cases does not meet the 'excusable neglect' standard set forth in Rule 60(b)(1)."). Indeed, an attorney's "misunderstandings based on law or procedure rarely constitute excusable neglect" especially where there is "a pattern of deliberate dilatoriness and delay." *Mullin v. Balicki*, 875 F.3d 140, 154 (3d Cir. 2017) (quoting *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005)).

In such circumstances, a plaintiff's "recourse is limited to . . . pursuing a negligence action against counsel"; he or she cannot otherwise "avoid the consequences of the acts or omissions of this freely selected agent." *Sokol*, 2023 WL 7002563, at *7 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)). "[C]lients must be held accountable for the acts and omissions of their attorneys"; "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Pioneer*, 507 U.S. at 396-97 (quoting *Link*, 370 U.S. at 633-34).

## IV.     Discussion

At the outset, "[i]t is well-settled that orders granting or denying motions to add parties are not 'final' within the meaning of 28 U.S.C. § 1291." *Michelson v. Citicorp Nat. Servs. Inc.*, 138 F.3d 508, 512 (3d Cir. 1998). Asdal Holdings submits that "[o]rders denying reinstatement of a complaint are considered final." (D.E. 86-14, Mov. Br., at 5 (citing *DeJesus v. Mohammad*, 2013 WL 5963018, at *2 (D.N.J. Nov. 7, 2013) (Hillman, J.)).) However, despite Asdal Holdings' framing, Judge Espinosa's August 8 Order did not deny it leave to reinstate a

8

previously dismissed complaint; rather, Judge Espinosa denied it leave to amend the complaint to add previously dismissed defendants.

Asdal Holdings' motion is therefore attempting to vacate a non-final order, which is procedurally improper; if Asdal Holdings wished to appeal Judge Espinosa's August 8 Order to this Court, it had 14 days to do so pursuant to L. Civ. R. 72.1(c)(1).  Its September 5, 2025 motion was not brought within 14 days of August 8, 2025 and is not timely as an appeal.  The Court rejects Asdal Holdings' workaround by way of this motion, construes it as an untimely appeal from the Magistrate Judge's August 8 Order, and denies the application as untimely.

To be sure, even if Asdal Holdings' motion to vacate by reason of "excusable neglect" was a procedurally proper application, it still fails on the merits.  Asdal Holdings bases its excusable neglect argument squarely on Lenney, arguing that he "fail[ed] to adequately update Plaintiff as to the status of the litigation" and failed to serve the Horowitz defendants, which resulted in their dismissal.  (D.E. 86-14, Mov. Br., at 7, 9-10.)  Both sides use the four *Pioneer* factors to support their respective positions on whether Asdal Holdings has shown excusable neglect warranting the relief it seeks.

### A.  Danger of Prejudice to the Non-Movant

Under the first factor, Asdal Holdings argues that there is no danger of prejudice to IdeaSoil if the Court were to grant its motion because "the matter pertains to a straightforward breach of contract" and IdeaSoil "has failed to articulate any additional discovery that would be required if the Horowitz Defendants appear in this matter."  (*Id.* at 8.)

In the August 8 Order, Judge Espinosa found that "permitting Plaintiff to amend the complaint to add these previously-dismissed parties will prejudice IdeaSoil by expanding this action over one year after the conclusion of fact discovery and by injecting further undue delay

into its resolution." (D.E. 85, 8/8/25 Order, at 7-8.) The Court agrees. Fact discovery was initially ordered to end on July 3, 2023. (D.E. 13, Pretrial Scheduling Order ¶ 1.) It did not conclude until March 27, 2024, prompting IdeaSoil to bring a successful motion for sanctions due to plaintiffs' noncompliance with their discovery obligations and court orders. (D.E. 34-1, Mtn. for Sanctions, at 1.)

The Horowitz defendants were dismissed on May 15, 2024. (D.E. 43.) Asdal Holdings waited a full year before it sought to "reinstate" them. (D.E. 81, Graffeo 5/30/25 Letter.) During that time, Asdal Holdings retained new counsel who represented to the Court within months that Asdal Holdings was not responding to his firm's messages on how it would like to proceed in the case—apparently continuing its cycle of dilatoriness in this matter. (*See* D.E. 62, Graffeo 10/3/24 Letter, at 1; D.E. 64, Graffeo 10/11/24 Letter, at 1; *see also* D.E. 72, Application for Attorneys' Fees, at ¶ 6(a)-(m) (cataloging Asdal Holdings' delays in responding to Graffeo and prosecuting the case).) Asdal Holdings does not explain why it waited eight months from the time new counsel came into the case before seeking the relief it requests now.

Courts have found that prejudice to the non-movant is exacerbated where a considerable length of time has elapsed from the date of injury to a motion requesting to restart the case from square one. *Sokol*, 2023 WL 7002563, at *4 (finding prejudice to defendant where more than two years passed since the inception of the case); *Malik v. GEICO Ins.*, 2026 WL 160662, at *8 (D.N.J. Jan. 21, 2026) (Martinotti, J.) (finding prejudice to defendant where "more than four years [passed] since the date of the injury and more than two years [passed] since the inception of this matter without discovery"). The passage of time destroys evidence and makes it more likely that witnesses will become unreachable or unavailable for trial. *Sokol*, 2023 WL 7002563, at *4. Here, the alleged injury occurred between 2019 and 2022, the case was removed in June

10

2022, fact discovery closed in March 2024, and Asdal Holdings brought its motion to vacate in September 2025.  Asdal Holdings' delays throughout this matter exacerbate the prejudice to IdeaSoil.

Although Asdal Holdings maintains in its brief that "there is no outstanding or additional discovery necessary to address the substance of Plaintiff's Complaint" (D.E. 86-14, Mov. Br., at 2), its earlier May 30 letter contemplated that "limited discovery" would be needed (D.E. 81, Graffeo 5/30/25 Letter, at 2 n.3).  Its amended complaint seeks to add contract, quasi-contract, and piercing the corporate veil claims against the Horowitz defendants (D.E. 86-13, Proposed Am. Compl. ¶¶ 13-34), which would more likely than not require reopening discovery, depositions, and initiate renewed motion practice.  Add to that scenario Asdal Holdings' representations that "[t]he discovery in this matter has been limited" (D.E. 86-14, Mov. Br., at 8), and that Alexandra Horowitz has knowledge of relevant information as the managing member of IdeaSoil (D.E. 40, Lenney 5/7/24 Letter, at 1-2).

Moreover, Asdal Holdings argues that it will be prejudiced if the Horowitz defendants are not reinstated, as it "would be deprived of the opportunity to pursue its claims in a singular action to recoup any monies owed."  (D.E. 86-14, Mov. Br., at 9.)  But Asdal Holdings' concern about IdeaSoil's solvency is not enough to justify prejudicing IdeaSoil in further delaying this matter.  This factor strongly favors denying relief.

**B.  Length of Delay and Potential Impact on Judicial Proceedings**

Notwithstanding the history of delays that plague this docket, Asdal Holdings argues the resolution of this matter will not be delayed by the addition of two parties and five claims to a case with one breach of contract claim against one defendant.  (D.E. 86-14, Mov. Br., at 9 ("[A]ny delay in proceedings will be minimal and will have limited impact on judicial

11

proceedings[.]")).)  This is not persuasive.  The Court easily finds that reinstating the Horowitz defendants "would infringe on the District Court's 'strong interest in case management,' which [plaintiff] repeatedly had rebuffed."  *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 974 (3d Cir. 2005).

### C.  Reason for Delay

The third factor considers "the reason for the delay, including whether it was within the reasonable control of the movant."  *Pioneer*, 507 U.S. at 395.  Asdal Holdings' "excusable neglect" justification is based on its prior attorney's conduct, which is not cognizable as a basis for relief under Rule 60(b)(1).  *See Orie*, 946 F.3d at 192 (affirming the district court's finding that the attorney's "overall negligence in handling the matter precludes us from finding 'excusable neglect'" as "clients must be held accountable for the acts and omissions of their attorneys" (citations omitted)); *Sokol*, 2023 WL 7002563, at *6 (an attorney's failure to respond or to manage cases is not excusable neglect).  Asdal Holdings "is deemed bound by the acts of [its] lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"  *Pioneer*, 507 U.S. at 397 (citing *Link*, 370 U.S. at 634).  This factor strongly favors denying relief.

### D.  Good Faith

The final factor considers "whether the movant acted in good faith."  *Id.* at 395.  IdeaSoil argues that Asdal Holdings' justifications for not amending sooner are demonstrably false, which showcases bad faith.  (D.E. 87, Opp., at 12-13.)

Judge Espinosa has properly found that Asdal Holdings' justifications for not amending sooner "strains credulity," as the May 2022 complaint identifies Dean Horowitz as "(deceased)" and IdeaSoil's June 2023 interrogatories list the same address for Alexandra Horowitz that Asdal

12

Holdings identified in its May 30 letter.  (D.E. 85, 8/8/25 Order, at 5-6.)  In its papers on this motion, Asdal Holdings has effectively ignored these observations.  (*See generally* D.E. 83, 6/9/25 Letter; D.E. 86-14, Mov. Br.; D.E. 90, Reply.)  Where the record so convincingly demonstrates otherwise, the Court is constrained to find that good faith is lacking in the justifications offered for delay and this fourth factor weighs in favor of denying relief.

Having considered the totality of the circumstances in conjunction with the *Pioneer* factors, the Court concludes that Asdal Holdings has not established that it is entitled to relief from the August 8, 2025 Order.

## V.    Conclusion

For the foregoing reasons, Asdal Holdings' motion to vacate is denied.  An appropriate order accompanies this opinion.

Dated: May 27, 2026                                   */s/ Katharine S. Hayden*
                                                                Katharine S. Hayden, U.S.D.J.